IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH FULTON                              *

         Petitioner,

v.                                         *     CIVIL ACTION NO. DKC-07-2379

JUDITH SACHWALD, DIRECTOR, et al.          *

         Respondents.

*****

## MEMORANDUM OPINION

On September 5, 2007, Joseph Fulton filed his petition for writ of habeas corpus in this court. (Paper 1). Petitioner raises a direct attack on his June 1991 convictions on three counts of child molestation in the Gwinnett County, Georgia Superior Court, for which he alleges he received two concurrent fifteen-year sentences and a consecutive fifteen-year probated sentence.[1] Petitioner claims "actual innocence" of the charges and seeks the appointment of counsel, an evidentiary hearing, and the granting of habeas relief based on the unconstitutionality of his Georgia convictions and sentences.

On September 28, 2007, Respondents were directed to file an answer to the petition.[2] They have filed a Motion to Transfer Case pursuant to 28 U.S.C. § 1404(a) and Petitioner has filed his Response. (Papers 5 & 6). Oral hearing is not necessary to decide the Motion to Transfer. For the

---

[1] Petitioner alleges his convictions and sentences are unconstitutional because: (1) he was not afforded the protections under a "new rule of [Georgia] law" which provides for notice of and right to appear before the grand jury with counsel; (2) his convictions occurred as a result of collusion between his ex-wife, an attorney, and the prosecutor; (3) the alleged victim did not testify as to the elements of the offense as alleged in the indictment; (4) the alleged victim did not testify before the Gwinett County grand jury; (5) evidence not alleged in the indictment was allowed at trial; (6) the alleged victim was allowed to testify as to crimes not set out in the indictment and the prosecutor knowingly allowed this testimony; and (7) the evidence was insufficient to establish venue.

[2] Petitioner was ordered to file the $5.00 habeas fee or a motion for leave to proceed in forma pauperis in lieu thereof. The court has received both the fee and indigency application. The motion for leave to proceed in forma pauperis shall be denied as moot in light of the receipt of the filing fee payment.

following reasons, the Motion shall be denied. Petitioner's Motion for Appointment of Counsel will also be denied, subject to renewal at a later stage.

According to Respondents, the State of Maryland is supervising Petitioner's probation pursuant to the Interstate Compact for Adult Offender Supervision. *See* Md. Code Ann., Corr. Serv. Art. §§ 6-201, et seq. Respondents argue that they are "acting effectively as an agent for Fulton's true custodian, the sending State of Georgia" and that as the convictions and sentences that Petitioner currently challenges were rendered in the State of Georgia, the United States District Court for the Northern District of Georgia is the appropriate venue for this matter. Petitioner objects to the transfer, asserting that he is in the custody of the Maryland Division of Parole and Probation and that both parties are residents of the State of Maryland.

Petitioner invokes both 28 U.S.C. § 2254 and 28 U.S.C. § 2241 in bringing this petition. He is, however, challenging his state court convictions and sentences. Such a challenge should be brought under § 2254, rather than § 2241. Title 28 U.S.C. § 2254 governs petitions filed on behalf of any person "in custody pursuant to the judgment of a State court," "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On the other hand, although 28 U.S.C. § 2241 may also be invoked by prisoners "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), that section has generally been used to challenge the execution of a *federal* sentence when the underlying conviction is not at issue. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (section 2241 applies to federal prisoners challenging the execution of a sentence).

Respondents urge the court to transfer the petition to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).[3] Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, the first inquiry is whether Petitioner could have brought his petition in the Northern District of Georgia.

In *Rumsfeld v. Padilla*, the Supreme Court of the United States held that venue in habeas corpus cases challenging present physical custody will lie in the district where the petitioner is in custody. 542 U.S. 435 (2004).[4] The Court reasoned that in most cases, the only proper respondent will be the petitioner's "immediate custodian," the person "'with the power to produce the body of [the petitioner] before the court or judge.'" *Id.* at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). After *Padilla*, it is clear that the court may only entertain a habeas petition involving present physical custody where the immediate custodian is within our jurisdiction. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

*Padilla* changed the landscape of caselaw addressing venue in habeas cases concerning the Interstate Compact for Adult Offender Supervision. Before *Padilla*, courts found that venue was proper either in the state of conviction or in the state of detention. *See, e.g.*, *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (holding that the "receiving" state is merely an agent of the "sending" state

---

[3] Although many courts have transferred habeas petitions pursuant to § 1404(a), Justice Kennedy, in a concurring opinion in *Rumsfeld v. Padilla*, cast doubt on whether § 1404(a) applies to habeas cases. 542 U.S. 426, 452-53 (2004) ("[a]lthough habeas actions are civil cases, they are not automatically subject to all of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 81(a)(2) ('These rules are applicable...to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings'). Instead, these forum-location rules for habeas petitions are based on the habeas statutes and the cases interpreting them.")

[4] The Court distinguished cases that did not concern *present* physical custody, such as *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). *Padilla*, 542 U.S. at 438. *Braden* involved a petitioner serving a sentence in Alabama who wanted to challenge in a Kentucky court a detainer lodged by Kentucky. The Court held that venue was proper in Kentucky, as the petitioner was not challenging his Alabama conviction or detention. Unlike *Braden*, *Padilla* and the present case concern challenges to present physical custody.

3

and therefore the petition should be filed in "sending" state); *Smart v. Goord*, 21 F.Supp.2d 309 (S.D.N.Y. 1998) (finding that venue was proper either in the jurisdiction encompassing the day-to-day custodian in New York or the jurisdiction of the "true custodian" in New Hampshire, where petitioner was sentenced). Since *Padilla*, courts have concluded that venue is only proper in the state of detention. *See McBee v. Lewis*, No. 05-5058, 166 F.App'x 360 (10th Cir. 2006) (upholding dismissal of a § 2241 petition filed in state of sentencing, rather than state of confinement); *Stokes*, 374 F.3d at 1239 (holding that petition should have been filed in Ohio, where petitioner was serving his sentence at the time of filing); *but see Williams v. Miller-Stout*, No. 2:05-CV-864-ID, 2006 WL 3147667, at *1 (M.D. Ala. Nov. 2, 2006) (citing *Braden* and refusing to transfer petition to state where petitioner was confined). Although *Padilla* and subsequent cases concerned habeas petitions filed under § 2241, *Padilla*'s venue rule also applies to § 2254 cases. Under *Padilla*, venue depends on whether the court can exercise jurisdiction over the petitioner's immediate custodian. Whether the petitioner is challenging a federal conviction or sentence under § 2241 or a state conviction or sentence under § 2254 is irrelevant to the venue determination.

Petitioner properly filed his petition in Maryland, as Respondents are Petitioner's present physical custodians. Petitioner states that in 1991, he was convicted and sentenced in Gwinett County, Georgia. He claims that he was released from the Wayne State Prison in Odum, Georgia and supervision over his probation was transferred to and remains with Respondents in Maryland.[5] Because Petitioner remains subject to conditional release (probation or parole) on the Georgia crimes, he is "in custody" in Maryland. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Jones v. Cunningham*, 371 U.S. 236, 237-243 (1963). The habeas petition could not have been filed in any other jurisdiction and therefore a transfer pursuant to § 1404(a) would be improper and the Motion to Transfer will be denied.

---

[5] Petitioner provides a Reisterstown, Maryland address.

Petitioner requests the appointment of counsel. There is no general right to representation on collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n. 5 (3$^d$ Cir. 1999). If, however, the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under §§ 2241, 2254 or 2255 of title 28. *See* 18 U.S.C. § 3006A(a)(2)(B).

Petitioner may be a "person financially unable to obtain adequate representation" within the meaning of 18 U.S.C. § 3006A(a) and therefore a "financially eligible person" within the meaning of 18 U.S.C. § 3006A(a)(2)(B). The court finds, however, that given the particular circumstances of the case, *i.e.* factual and legal complexities of the case and petitioner's ability to present claims, Petitioner has failed to show that the appointment of counsel is warranted at this time. *Satter v. Class*, 976 F.Supp. 879, 884 (D.S.D. 1997).

A separate order will be entered.

/s/
DEBORAH K. CHASANOW
United States District Judge

December 17, 2007